**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re LORI SHANTEL CHRISTMAS, | ) | Case No. 10-60826-LYN |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| LORI SHANTEL CHRISTMAS, | ) | Adv. No. 10-06059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRESTON MITCHELL COMPANY, LLC | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

### MEMORANDUM and ORDER

This matter comes before Court on its own motion to dismiss the above-styled adversary proceeding for lack of subject matter jurisdiction. An order will be entered and the adversary complaint will be dismissed.

*Facts*

On March 21, 2010, Lori Shantel Christmas ("the Plaintiff") filed the above-styled adversary proceeding. The Debtor scheduled an unsecured debt ("the Debt") owed to Albemarle Arthritis Associates in the amount of $156.00. On or about June 5, 2009, the Plaintiff received a collection notices from Preston Mitchell, LLC, ("the Defendant") attempting to collect the Debt.

1

On April 22, 2010, the Plaintiff filed a complaint ("the Complaint") against the Defendant initiating the above-styled adversary proceeding. The Complaint alleges violations of, and asserts causes of action under, 15 U.S.C. § 1692, et seq., the Fair Debt Collection Practices Act ("FDCPA" or "the FDCPA"). The Debtor disclosed the causes of action in the Complaint on her schedules.

## *Discussion*

This Court has an obligation to consider, on its own motion, whether it has subject matter jurisdiction over all matters that come before it.

> Of course, every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion. *See*, *e.g., Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511-512, 28 L.Ed. 462 (1884).

Things Remembered, Inc., v. Petrarca, 516 U.S. 124, 132, 116 S.Ct. 494, 499, n. 1 (1995). Also see 28 U.S.C. § 157(c) ("The bankruptcy judge shall determine, on the judge's own motion . . . whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.")

Subject matter jurisdiction in bankruptcy matters is conferred on United States District Courts by 28 U.S.C. § 1334(a)&(b). Section 1334(a) provides that the district courts shall have original and exclusive jurisdiction of all cases under title 11. Section 1334(b) provides that the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The United States District Courts for the Western District of Virginia have so

referred bankruptcy cases and the adjudication of matters therein to the Bankruptcy Courts for the Western District of Virginia by general order.  Thus, this Court has jurisdiction over all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 for which venue is proper in the Lynchburg Division of the Western District of Virginia.

The above-styled adversary proceeding does not constitute a case under title 11.  Nor is it a claim that arises under title 11.  A claim "aris[es] under title 11" if it is a cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy. In re Kirkland, 600 F.3d 310, 316 (4th Cir. 2010).  Citing Aheong v. Mellon Mortgage Co. ( In re Aheong ), 276 B.R. 233, 242-46 (B.A.P. 9th Cir.2002).   A cause of action under the FDCPA is not created by the Bankruptcy Code.   Further, it exists outside of the context of bankruptcy. The causes of action in the Complaint do not arise under title 11.  Jurisdiction is not granted to this Court under this provision.

The Complaint asserts that this Bankruptcy Court has jurisdiction over this adversary proceeding because the matter arises in and is related to the parent bankruptcy case.

The Fourth Circuit has written:

> A proceeding or claim "arising in" Title 11 is one that is "not based on any right expressly related by title 11, but nevertheless, would have no existence outside of the bankruptcy." Therefore, a controversy "arises in Title 11" when it would have no practical existence *but* for the bankruptcy.

Valley Historic Ltd. Partnership v. Bank of New York, 486 F.3d 831, 835 (4th Cir. 2007). (Emphasis in original.) (Internal quotation marks, alterations, and citations omitted.) (As quoted with approval in In re Kirkland, 600 F.3d 310, 317 (4th Cir. 2010)).  A cause of action brought under the FDCPA has practical existence outside of the context of a bankruptcy case and

bankruptcy proceedings. It arises under 15 U.S.C. § 1692, et seq. Causes of action are brought under the statutes codified therein between parties apart from proceedings in bankruptcy. The Complaint does not arise in a case under title 11. Jurisdiction is not granted to this Court under this provision.

The complaint also asserts that the matter is related to the above-styled parent bankruptcy case. It is not.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [Citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984) (Emphasis in original.). In 1996, the Fourth Circuit Court of Appeals adopted this test. See Bergstrom v. Dalkon Shield Claimansts Trust ( In re A.H. Robins Co.), 86 F.3d 364, 372 (4th Cir.), cert. denied, 519 U.S. 993, 117 S.Ct. 483, 136 L. Ed. 2d 377 (1996). In 2007, the Fourth Circuit Court of Appeals wrote:

> ...[F]or "related to" jurisdiction to exist at the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process-there must be a close nexus to the bankruptcy plan or proceeding. Practically speaking, under this inquiry matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.

Valley Historic, 486 F.3d at 836-7. (Emphasis in original.) (Internal citations omitted). (As quoted with approval in Kirkland, 600 F.3d at 317.)

While both Valley Historic and Kirkland were Chapter 13 cases and the case at bar is a Chapter 7 case, the holding in those cases is applicable herein. In Chapter 13, the creditors are paid pursuant to the terms of the debtor's confirmed plan of reorganization. In Chapter 7, the

creditors are paid from the proceeds of the sale of the debtor's assets, or some of them. In order for this Court to have "related-to" jurisdiction over the Complaint and the concomitant proceeding, the claim must affect an integral aspect of the bankruptcy process and there must be a close nexus between the claim and the bankruptcy proceeding, such that the outcome of the dispute could conceivably have an effect on the administration of the bankruptcy estate.

In this case, no such nexus exists and the outcome of the proceeding cannot conceivably have an effect on the administration of the bankruptcy estate. The chapter 7 trustee has filed a no-asset report with the Clerk of this Court. Any judgment rendered in this adversary proceeding cannot possibly affect the administration of this chapter 7 case because the trustee has determined not to administer the asset constituting the causes of action. Further, they will be abandoned upon the closing of the case. See 11 U.S.C. § 554(c). The estate in this bankruptcy case has been finally administered. In fact, the only reason that this case has not been closed is because this adversary proceeding is still pending. The causes of action in the Complaint are not sufficiently related to the administration of this estate to grant subject matter jurisdiction to this Court over the Complaint.

The Debtor also asserts that this Bankruptcy Court "has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code." The Complaint makes no reference to a particular paragraph of Section 1692. Further, there is no provision in 15 U.S.C. § 1692 that confers jurisdiction on this court or on any court. Section 1692k(d) of title 15 does provide that:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in

any other court of competent jurisdiction, within one year from the date on which the violation occurs.

This section does not separately confer jurisdiction upon any court that does not otherwise have jurisdiction over disputes arising under the FDCPA. Rather, it provides a statute of limitations upon courts that do have jurisdiction over that act.

Federal Court jurisdiction over actions arising under laws of the United States such as the Fair Debt Collections Practices Act are conferred on United States District Courts by 28 U.S.C. § 1331. That section does not confer jurisdiction on bankruptcy courts.

Accordingly, the Complaint must be dismissed for lack of subject matter jurisdiction.

## **ORDER**

For the reasons stated above, the above-styled adversary proceeding shall be and hereby is dismissed for lack of subject matter jurisdiction.

Upon entry of this order, the Clerk shall forward a copy to Eamon F. Redmond, Esq., and Preston Mitchell, LLC.

Entered on this  13th  day of July, 2010.

_____
William E. Anderson
United States Bankruptcy Judge